UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSHUA G. STEGEMANN,
 Plaintiff

Civil Action No.: 1:15CV21
( TJM )(CFH)

v.

**COMPLAINT**

RENSSELAER COUNTY SHERIFF'S OFFICE, RENSSELAER
COUNTY, RENSSELAER COUNTY DISTRICT ATTORNEY'S
OFFICE, JACK MAHAR, PAT RUSSO, ART HYDE, STEVE
WOHLLEBER, WILLIAM WEBSTER, SHANE HOLCOMB, J.S.
ROBELOTTO, MARK GERACITANO, SANDRA BLODGETT, JUSTIN
WALREAD, JAMI PANICHI, AIR NATIONAL GUARD, RICHARD J.
SLOMA, CHRIS CLIFFORD, WARREN COUNTY SHERIFF'S OFFICE,
WARREN COUNTY, NATHAN YORK, CHRISTOPHER PERILLI, NEW
YORK STATE POLICE, NEW YORK STATE POLICE SORT,
INVESTIGATOR "DAN" KILEY, FULTON COUNTY SHERIFF'S
OFFICE, FULTON COUNTY, BERKSHIRE COUNTY SHERIFF'S
OFFICE, BERKSHIRE COUNTY, THOMAS BOWLER, SCOTT
COLBERT, PITTSFIELD POLICE DEPARTMENT,  MICHAEL WYNN,
TYRONE PRICE, JOHN MAZZEO, GLENN F. DECKER, GLENN
CIVELLO, MASSACHUSETTS STATE POLICE, DAVID BRIAN
FOLEY, TRAVIS McCARTHY, WILLIAM SCOTT, DALE GERO,
MICHELLE MASON, JOHN STEC, TODD PATTERSON, STEVE
JONES, BERKSHIRE COUNTY DISTRICT ATTORNEY'S OFFICE,
DAVID F. CAPELESS, RICHARD LOCKE, BERKSHIRE COUNTY
DRUG TASK FORCE, CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS, AT & T WIRELESS, and
SUBSURFACE INFORMATIONAL SURVEYS, INC.,
 Defendant(s)

---

**JURY TRIAL DEMANDED**

1

1) This is a lawsuit brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971),* 42 U.S.C.S. § 1983, Title 18 U.S.C.S. § 2520, and Title 18 U.S.C.S. §§ 2701 et seq., in response to unlawful searches and seizures by the above-named defendants; the Plaintiff (hereinafter "Stegemann") demands a JURY TRIAL whereby he seeks compensatory and punitive damages in the amount of three million ($3,000,0000) dollars for the deprivation of rights guaranteed him under the 4th, 5th, and 14th Amendments to the United States Constitution; Article 1, § 12 of the New York State Constitution; Article 14 of the Massachusetts Declaration of Rights; NYCPL §§ 690.05, 690.25, 690.35, 690.45; 18 U.S.C., §§ 2510--2522; 18 U.S.C. §§ 2701 et seq.; Massachusetts General Laws Chapter 272, § 99; and NYCPL §§ 700.05–700.70. This Court has jurisdiction over this action where the defendants have violated Stegemann's rights under the laws and Constitution of the United States and where this action is brought against parties located in several different states thereby creating a diversity of citizenship.

2) The Northern District of New York is the proper venue for this action because the defendants unlawfully searched and seized

Stegemann's residence, person, property, and cellular telephone communications in the Town of Stephentown, Rensselaer County, New York, between the dates of March 8th and May 6th, 2013; there is a direct nexus linking the unlawful interception of communications, and unlawful searches and seizures that occurred in other locations with the Northern District of New York.

3) This lawsuit charges the following individuals, municipal agencies,[1] and companies with committing said unlawful searches and seizures, deprivation of rights, and associated torts:[2]

4) THE RENSSELAER COUNTY SHERIFF'S Office located at 4000 Main Street, Troy, New York 12180.

5) Rensselaer County Sheriff JACK MAHAR whose office is located at 4000 Main Street, Troy, New York 12180.

6) Rensselaer County Undersheriff PAT RUSSO whose office is located at 4000 Main Street, Troy, New York 12180.

---

[1] **Liability lies with the Municipalities to which each respective agency belongs.**

7) Rensselaer County Sheriff Investigator WILLIAM WEBSTER whose office is located at 4000 Main Street, Troy, New York 12180.

8) Rensselaer County Sheriff Investigator SHANE HOLCOMB whose office is located at 4000 Main Street, Troy, New York 12180.

9) Rensselaer County Sheriff Investigator STEVE WOHLLEBER whose office is located at 4000 Main Street, Troy, New York 12180.

10)     Rensselaer County District Attorney's Investigator ARTHUR HYDE whose office is located at 4000 Main Street, Troy, New York 12180 and/or at the Rensselaer County District Attorney's Office located at Congress and Second Streets, Troy, New York 12180.

11)     Rensselaer County Sheriff CAPTAIN PYLE whose place of employment is 4000 Main Street, Troy, New York 12180.

12)     Rensselaer County Sheriff Sergeant JUSTIN WALREAD whose place of employment is 4000 Main Street, Troy, New York 12180.

13)     Rensselaer County Sheriff Deputy SANDRA BLODGETT whose place of employment is 4000 Main Street, Troy, New York 12180.

14)     Rensselaer County Sheriff Deputy J.S. ROBELOTTO whose place of employment is 4000 Main Street, Troy, New York 12180.

15)     Rensselaer County Sheriff Deputy MARK GERACITANO whose place of employment is 4000 Main Street, Troy, New York 12180.

16)     Rensselaer County Sheriff Deputy JAMI PANICHI whose place of employment is 4000 Main Street, Troy, New York 12180.

17)     THE COUNTY OF RENSSELAER. Rensselaer County is represented by its attorneys. The Rensselaer County Attorney's Office is located at 1600 Seventh Avenue, Troy, New York 12180.

---

[2] This action is brought against the individuals named herein in both their official and individual capacities.

18)      THE WARREN COUNTY SHERIFF'S OFFICE located at 1400 State Route 9, Lake George, New York 12845.

19)      Warren County Sheriff NATHAN YORK whose office is located at 1400 State Route 9, Lake George, New York 12845.

20)      Warren County Corrections Officer CHRISTOPHER PERILLI whose place of employment is 1400 State Route 9, Lake George, New York 12845.

21)      THE COUNTY OF WARREN. The Warren County Attorney's Office is located within the Municipal Complex located at 1340 State Route 9, Lake George, New York 12845.

22)      THE NEW YORK STATE POLICE SPECIAL OPERATIONS RESPONSE TEAM (SORT) AND HELICOPTER CREW. The New York State Police Troop G headquarters is located at 504 Loudonville Road, Loudonville, New York 12211-1454.

23)    New York State Police Investigator "DAN" KILEY whose place of employment is the Troop G Headquarters located at 504 Loudonville Road, Loudonville, New York 12211-1454.

24)    THE BERKSHIRE COUNTY SHERIFF'S OFFICE located at 467 Cheshire Road, Pittsfield, Massachusetts 01201.

25)    Berkshire County Sheriff THOMAS BOWLER whose office is located at 467 Cheshire Road, Pittsfield, Massachusetts 01201.

26)    Berkshire County Sheriff Sergeant SCOTT COLBERT whose place of employment is 467 Cheshire Road, Pittsfield, Massachusetts 01201.

27)    THE PITTSFIELD POLICE DEPARTMENT located at Allen Street in Pittsfield, Massachusetts 01201.

28)    Pittsfield Police Chief MICHAEL WYNN whose place of employment is the Pittsfield Police Department located at Allen Street in Pittsfield, Massachusetts 01201.

29) Pittsfield Police Officer TYRONE PRICE whose place of employment is the Pittsfield Police Department located at Allen Street in Pittsfield, Massachusetts 01201.

30) Pittsfield Police Officer JOHN MAZZEO whose place of employment is the Pittsfield Police Department located at Allen Street in Pittsfield, Massachusetts 01201.

31) Pittsfield Police Sergeant GLENN F. DECKER whose place of employment is the Pittsfield Police Department located at Allen Street in Pittsfield, Massachusetts 01201.

32) Pittsfield Police Detective GLEN CIVELLO whose place of employment is the Pittsfield Police Department located at Allen Street in Pittsfield, Massachusetts 01201.

33) THE MASSACHUSETTS STATE POLICE. The Massachusetts State Police Detective Bureau is located at 7 North

Street, Pittsfield, Massachusetts and has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

34)     Massachusetts State Police Lieutenant DAVID BRIAN FOLEY whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

35) Massachusetts State Police Sergeant TRAVIS MCCARTHY whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

36) Massachusetts State Police Officer WILLIAM SCOTT whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street

Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

37)   Massachusetts State Police Officer DALE GERO whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

38)   Massachusetts State Police Officer STEVE JONES whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

39) Massachusetts State Police Officer JOHN STEC whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

40) Massachusetts State Police Officer TODD PATTERSON whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

41) Massachusetts State Police Officer MICHELLE MASON whose office and place of employment is the Massachusetts State Police Detective Bureau/Berkshire County District Attorney's Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP Detective Office has a mailing address of Post Office Box 2129, Pittsfield, Massachusetts 01202.

42) THE CAPTAIN OF THE MASSACHUSETTS STATE POLICE,
Troop B, whose office and place of employment is the Massachusetts
State Police Detective Bureau/Berkshire County District Attorney's
Office, 7 North Street Pittsfield, Massachusetts, 01202. The MSP
Detective Office has a mailing address of Post Office Box 2129,
Pittsfield, Massachusetts 01202.

43) Berkshire County District Attorney DAVID F. CAPELESS whose
office is located at 7 North Street, Post Office Box 1969, Pittsfield,
Massachusetts 01202.

44) Berkshire County First Assistant District Attorney RICHARD
LOCKE whose office is located at 7 North Street, Post Office Box
1969, Pittsfield, Massachusetts 01202.

45) SUB-SURFACE INFORMATIONAL SURVEYS INC., located at
143C Shaker Road, Suite 206, East Longmeadow, Massachusetts
01028-0452.

46) CELLCO PARTNERSHIP D/B/A/ VERIZON WIRELESS located at 180 Washington Valley Road, Bedminster, New Jersey 07921.

47) AT & T WIRELESS located at 11760 US Highway One, Suite 600, North Palm Beach, Florida 33408.

48) THE AIR NATIONAL GUARD located at J3-JOCD, Building 24, 1 Air National Guard Road, Scotia, New York 12302-9752.

49) Air National Guard Colonel RICHARD J. SLOMA posted at J3-JOCD, Building 24, 1 Air National Guard Road, Scotia, New York 12302-9752.

50) Air National Guard Captain CHRIS CLIFFORD posted at J3-JOCD, Building 24, 1 Air National Guard Road, Scotia, New York 12302-9752.

51) THE BERKSHIRE COUNTY DRUG TASK FORCE located at 7 North Street, Post Office Box 1969, Pittsfield, Massachusetts 01202.

52) THE FULTON COUNTY SHERIFF'S OFFICE located at 2712 State

Highway 29, Post Office Box 20, Johnstown, New York 12095.


53) THE COUNTY OF FULTON. The Fulton county Attorney's Office is

located at the County Building, 223 West Main Street, Johnstown, New

York 12095.


## CAUSES OF ACTION


54) Between the dates of April 30th, and May 2nd, 2013 the Rensselaer

County Sheriff's Office, Massachusetts State Police, Pittsfield Police

Department, Berkshire County District Attorney's Office, Warren

County Sheriff's Office, Fulton County Sheriff's Office, New York

State Police, Rensselaer County District Attorney's Office, the

Berkshire County Drug Task Force, and Sub-Surface Informational

Surveys Inc. unlawfully searched and seized Stegemann's person,

property, vehicles, and residence at 138 Losty Road in the Town of

Stephentown, New York without a valid warrant. Over the course of

three (3) days, between April 30th, 2013 and May 2nd, 2013 the above-

named defendants destroyed Stegemann's residence and property

located at 138 Losty Road in the Town of Stephentown, New York, and

prevented Stegemann's uncle Thomas F. Foody from entering onto

and/or into the property on Stegemann's behalf. During the course of

the unlawful searches and seizures the above-named defendants tore

down interior walls and ceilings, ripped apart and scattered personal

belongings, seized medical records, personal love letters, religious

items, photographs, computers, televisions, chainsaws, generators,

motor vehicles, ATVs, weed whackers, snow blowers, financial

records, house files, insurance policies, employment information, mail,

address books, personal telephone books, and myriad other papers and

effects. The above-named defendants tore apart patio walkways, and

rock gardens, bulldozed grape arbors, water fountains, pine trees, rock

walls, exterior landscaping, flower gardens; excavated deep holes in the

lawns and grounds; used ground penetrating sonar to survey and dig

into the grounds, removed several dozen tons of pea stone and quartz

crystal contained in a serenity garden that was made up of Chinese

maple trees, ornamental pine trees, fountains, grape arbors, rose bushes,

grape vines; seized over three hundred thousand ($300,000.00) dollars

in United States Currency; seized jewelry, watches, Greylock Federal

Credit Union bank accounts; broke portions of motor vehicles, and

ATVs, along with myriad other damages. All of the same was done without a valid warrant, in violation of the rights guaranteed Stegemann under the 4th, 5th, and 14th Amendments to the United States Constitution; Article 1, § 12 of the New York State Constitution; Article 14 of the Massachusetts Declaration of Rights; NYCPL §§ 690.05, 690.25, 690.35, 690.45; 18 U.S.C., §§ 2510--2522; 18 U.S.C. §§ 2701 et seq.; Massachusetts General Laws Chapter 272, § 99; and NYCPL §§ 700.05–700.70.

55) The search warrant(s) were applied for by Rensselaer County Sheriff Sergeant SHANE HOLCOMB, Massachusetts State Police Officer WILLIAM SCOTT, and Pittsfield Police Officer TYRONE PRICE during sessions of the Rensselaer County Court on April 29th, 2013 and May 2nd, 2013. The search warrant(s) are signed by Rensselaer County Court Judge Debra J. Young; *Judge Young concedes that she did not possess the authority to issue and authorize the search warrants; the warrants are void ab initio*.

56) The searches, seizures, and destructive actions were committed by the following individuals in the employ of the above-listed agencies acting

16

under the color of law, between the dates of April 30th, 2013, and May

2nd, 2013 at 138 Losty Road in the Town of Stephentown, New York:

Rensselaer County Sheriff JACK MAHAR, Rensselaer County

Undersheriff PAT RUSSO, Rensselaer County Sheriff Investigator

STEVE WOHLLEBER, Rensselaer County District Attorney's

Investigator ART HYDE, Rensselaer County Sheriff Investigator

WILLIAM WEBSTER, Rensselaer County Sheriff Sergeant SHANE

HOLCOMB, Rensselaer County Sheriff Deputy J.S. ROBELOTTO,

Rensselaer County Sheriff Deputy MARK GERACITANO, Rensselaer

County Sheriff Deputy SANDRA BLODGETT, Rensselaer County

Sheriff Sergeant JUSTIN WALREAD, Rensselaer County Sheriff

Deputy JAMI PANICHI, Warren County Correctional Officer/K9

Officer CHRISTOPHER PERILLI, Warren County Sheriff NATHAN

YORK, New York State Police Investigator "DAN" KILEY, FULTON

COUNTY SHERIFF and K9 OFFICERS, Berkshire County Sheriff

THOMAS BOWLER, Berkshire County Sheriff Sergeant SCOTT

COLBERT, Pittsfield Police Chief MICHAEL WYNN, Pittsfield Police

Officer TYRONE PRICE, Pittsfield Police Officer JOHN MAZZEO,

Pittsfield Police Sergeant GLENN F. DECKER, Pittsfield Police

Detective GLEN CIVELLO, the CAPTAIN OF THE

MASSACHUSETTS STATE POLICE TROOP B, Massachusetts State
Police Lieutenant DAVID BRIAN FOLEY, Massachusetts State Police
Sergeant TRAVIS McCARTHY, Massachusetts State Police Officer
WILLIAM SCOTT, Massachusetts State Police Officer DALE GERO,
Massachusetts State Police Officer MICHELLE MASON,
Massachusetts State Police Officer JOHN STEC, Massachusetts State
Police Officer TODD PATTERSON, Massachusetts State Police
Officer STEVE JONES, Berkshire County District Attorney DAVID F.
CAPELESS, and at the behest of Berkshire County District Attorney
DAVID F. CAPELESS, SUB-SURFACE INFORMATIONAL
SURVEYS INCORPORATED. The above-listed defendants fired a
flash-bang grenade into the bedroom wherein Stegemann lay sleeping
with Jami Caesar at approximately 4:30 AM on April 30th, 2013.
Stegemann, unclothed but for a pair of boxer shorts, fled out of the
backdoor of 138 Losty Road. Stegemann was pursued through the
curtilage of 138 Losty Road by Rensselaer County Sheriff Deputy
MARK GERACITANO and his K9 partner; members of the New York
State Police SORT had seized the property and were maintaining guard
along the rock wall bordering the eastern edge of the property and also
gave chase; Investigators KILEY, WOHLLEBER, HYDE, and

McCARTHY also pursued Stegemann with the assistance of a New
York State Police Helicopter which hovered approximately ten (10) feet
over Stegemann's head during the brief foot pursuit. Stegemann was
placed in handcuffs by Sergeant McCARTHY and escorted back to the
door out of which he exited his residence. The officers seated
Stegemann on the back porch of 138 Losty Road; Investigator Kiley
informed Stegemann that he was in command and any questions should
be directed to him. Stegemann was then placed in a police vehicle in the
driveway of 138 Losty Road as the State Police Helicopter landed in the
front yard of 138 Losty Road; over the course of the next three (3) days,
and as detailed above, the defendants seized, searched, and arbitrarily
destroyed the residence and property. Stegemann was transported to the
Rensselaer County Jail. On May 3rd, 2013 while housed at the jail,
Stegemann was told by Rensselaer County Sergeant SCOTT RYAN
that he could use the booking area phone; Sergeant RYAN assured
Stegemann that the booking area phone is not monitored and/or
recorded. Investigator HYDE and the Rensselaer County Sheriff JACK
MAHAR, along with Undersheriff PAT RUSSO, unlawfully monitored
and recorded the calls that Stegemann made over the booking area
phone. The recorded calls were used to seize a safe belonging to

Stegemann and the assets contained therein. The above-named

defendants violated and deprived Stegemann of the rights guaranteed

him under the 4th, 5th, and 14th Amendments to the United States

Constitution; Article 1, § 12 of the New York State Constitution;

Article 14 of the Massachusetts Declaration of Rights; NYCPL §§

690.05, 690.25, 690.35, 690.45; 18 U.S.C., §§ 2510--2522; 18 U.S.C.

§§ 2701 et seq.; Massachusetts General Laws Chapter 272, § 99; and

NYCPL §§ 700.05–700.70.


57) Between the dates of March 6th, 2013, and April 29th, 2013 the AIR

NATIONAL GUARD, Colonel RICHARD J. SLOMA, Captain CHRIS

CLIFFORD, Investigator ART HYDE, Investigator STEVE

WOHLLEBER, the RENSSELAER COUNTY DISTRICT

ATTORNEY'S OFFICE, the RENSSELAER COUNTY SHERIFF'S

OFFICE, RENSSELAER COUNTY, the MASSACHUSETTS STATE

POLICE, Massachusetts State Police Officer DALE GERO,

Massachusetts State Police Officer TODD PATTERSON, and

Massachusetts State Police Officer STEVE JONES used highly-

advanced military grade thermal/infrared and High-Definition Video

capabilities to search Stegemann, his 138 Losty Road residence and its

curtilage, and Stegemann's motor-vehicles, without a warrant authorizing same. The above-named defendants violated and deprived Stegemann of the rights guaranteed him under the 4th, 5th, and 14th Amendments to the United States Constitution; Article 1, § 12 of the New York State Constitution; Article 14 of the Massachusetts Declaration of Rights; NYCPL §§ 690.05, 690.25, 690.35, 690.45; 18 U.S.C., §§ 2510--2522; 18 U.S.C. §§ 2701 et seq.; Massachusetts General Laws Chapter 272, § 99; and NYCPL §§ 700.05–700.70.

58) The Berkshire County District Attorney's Office, Berkshire County District Attorney DAVID F. CAPELESS, Berkshire County First Assistant District Attorney RICHARD LOCKE, Lieutenant DAVID BRIAN FOLEY, Sergeant TRAVIS McCARTHY, Officer WILLIAM SCOTT, Officer DALE GERO, Officer MICHELLE MASON, Officer JOHN STEC, Officer TODD PATTERSON, Officer STEVE JONES, and the CAPTAIN OF THE MASSACHUSETTS STATE POLICE TROOP B, all under the employ of the Massachusetts State Police; Officer TYRONE PRICE, Officer JOHN MAZZEO, under the employ of the Pittsfield Police Department; Sergeant SCOTT COLBERT under the employ of the Berkshire County Sheriff's Department; CELLCO

PARTNERSHIP d/b/a/ VERIZON WIRELESS, and AT & T

unlawfully monitored and recorded nine (9) cellular phones that

belonged to Stegemann, and seized conversations, text messages, cell

tower information, GPS data, and toll call records in violation of 18

U.S.C. §§ 2510—2522; 18 U.S.C.S. § 2712. Those nine (9) telephone

numbers are: 646-581-2081, 914-327-7010, 860-380-7692, 347-443-

2833, 347-583-9425, 347-920-7516, 203-450-3854, 917-743-9502, and

347-266-8522.The above named-named defendants violated and

deprived Stegemann of the rights guaranteed him under the 4th, 5th, and

14th Amendments to the United States Constitution; Article 1, § 12 of

the New York State Constitution; Article 14 of the Massachusetts

Declaration of Rights; NYCPL §§ 690.05, 690.25, 690.35, 690.45; 18

U.S.C., §§ 2510--2522; 18 U.S.C. §§ 2701 et seq.; Massachusetts

General Laws Chapter 272, § 99; and NYCPL §§ 700.05–700.70; the

above named defendants further failed to seal the unlawfully

intercepted communications in violation of 18 U.S.C. § 2518 (8) (a).

The wiretaps are violative of Title III, 18 U.S.C. §§ 2510-2522; the

Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 et seq.; §§

3121—3127. The wiretaps are violative of the Equal Protection Clause

of the 14th Amendment to the United States Constitution; Stegemann as

a resident of New York State is afforded no protection under the Massachusetts Declaration of Rights, and was precluded from the protections afforded him under the New York State Constitution by which his communications are guaranteed protection. With specific regard to the unlawful interception of communications over the above-listed cellular telephones Stegemann is entitled to statutory and punitive damages pursuant to 18 USC 2701 et seq. *(§ 2712)* and 18 USC 2510 et seq. *(§ 2520)*; the following subparagraphs listed in alphanumeric order are specific to the unlawful interception of cellular communications:

> a.) The defendants specific to paragraph (58) willfully and intentionally intercepted text-messages over the above-listed cellular telephones between the dates of March 6th, and May 6th, 2013. Said defendants intercepted over 1,800 text messages sent and/or received by Stegemann in defiance of court orders that did not authorize the interception of same, without jurisdictional authority, and in absence of good faith reliance on any valid court order or warrant.

> b.) In February and March of 2013, said defendants did willfully and intentionally obtain and/or disclose

23

toll/call records for at least four (4) of the above-listed

cellular telephones without court authorization, without

jurisdictional authority, and in absence of good faith

reliance on any valid court order or warrant.

c.) Between March 6th and May 6th, 2013 the above-named

defendants did willfully and intentionally install pen

register and trap and trace devices in the above-listed

cellular telephones without authorization as

promulgated in 18 U.S.C.S. §§ 3121-3127 *(§ 3123)*.

Said defendants willfully and intentionally intercepted

telephone numbers – including numbers ensured

privacy via use of the **\*67** feature – and disclosed same.

The same was done without proper authorization,

without jurisdictional authority, and in absence of good

faith reliance on any valid court order or warrant.

d.) Between March 6th and May 12th, 2013 the above-

named defendants did willfully and intentionally

intercept oral communications over the above-listed

cellular phones and disclosed the content of same in

violation of 18 U.S.C. 2510 et seq.; said

communications have been willfully and intentionally disclosed. The same was done without proper court authorization, without jurisdictional authority, and in absence of good faith reliance on any valid court order or warrant.

e.) Between March 6th, and May 6th, 2013 the above-named defendants did willfully and intentionally install *mobile interception devices* in the above-listed cellular telephones without proper authorization as promulgated in 18 U.S.C. § 2518 (3). The same were utilized to willfully and intentionally intercept the aforesaid communications without proper authorization, without jurisdictional authority, and in absence of good faith reliance on any valid court order or warrant.

59) The two (2) search warrants for 138 Losty Road were not authorized pursuant to NYCPL §§ 690.35/690.05 and are **void *ab initio***. The search warrants are also violative of NYCPL § 690.45 because they misidentify the issuing court. Judge Debra J. Young of the Rensselaer County Court concedes that she did not possess the authority to

authorize and issue the search warrant(s); the search warrants indicate
that they were authorized and issued by the Stephentown Town Court.
The search warrants improperly order the Warren County Sheriff K9
Unit, Fulton County K9 Unit, Massachusetts State Police, and the
Pittsfield, Massachusetts Police Department (*collectively the Berkshire
County Drug Task Force/Berkshire County District Attorney's Office*)
to execute the search warrant(s) in violation of NYCPL § 690.25 –
*Warren County K9 Officer Chris Perilli and the Berkshirwe County
Drug Task Force played major roles in the unlawful searches and
seizures*.

60)   The above-specified actions of the above-listed defendants have
caused Stegemann loss of property, health, happiness, liberty, mental
and physical wellbeing; he has been diagnosed with Post Traumatic
Stress Disorder, his privacy has been irreparably violated and his
reputation irreparably sullied, he continues to suffer as a result of the
actions of the above-named defendants, and will so suffer for the rest of
his natural life.

61)  A SUMMONS directed to the above-listed defendants is attached

hereto and served herewith.

## **PRAYER FOR RELIEF**

62)     WHEREFORE, Stegemann prays that this Honorable Court order

that the above-named defendants be held liable for depriving

Stegemann of rights guaranteed him under the State and Federal

Constitutions and State and Federal Statutory Law, as enumerated

above, and for all injuries to his person, property, and effects flowing

therefrom and thereby; Stegemann prays that this Honorable Court

order the defendants to make recompense by paying to Stegemann the

amount of three million ($3,000,000.00) dollars in punitive and

compensatory damages along with all other costs and fees associated

with this action as well as any other relief the Court deems proper.

DATE: *1/6/15*

Submitted by the Plaintiff,
Joshua Greenleaf Stegemann,

_____

In the Custody of the Columbia County Sheriff,
85 Industrial Tract,
Hudson, New York 12534


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
_____6th_____ DAY OF __January__, 2015.


_____
Joshua Greenleaf Stegemann, *pro se*

And now appears before me on this __6__ Day of __JANUARY__,
2015, Joshua Greenleaf Stegemann, and hereby swears that the facts
contained herein are true and accurate as verified by his signature marked
above.

Notary Public _____