**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
JOSHUA G. STEGEMANN,

      v.                                                      15-CV-21
                                                                     (TJM/CFH)
RENSSELAER COUNTY SHERIFF'S OFFICE, et al.,

                  Defendants.
---------------------------------------------------------------

**APPEARANCES:**                                     **OF COUNSEL:**

JOSHUA G. STEGEMANN
Plaintiff Pro Se
Columbia County Jail
85 Industrial Tract
Hudson, New York 12534

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

# REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Joshua Stegemann ("Stegemann") pursuant to 42 U.S.C. § 1983, as well as a renewed application for permission to proceed with this matter in forma pauperis ("IFP"). Compl. (Dkt. No. 1); Dkt. No. 4. Stegemann has also filed an inmate authorization form. Dkt. No. 4-1 at 1.

## I. DISCUSSION

### A. Application to Proceed IFP

Stegemann initially submitted an IFP application with his complaint on January 8, 2015. Dkt. No. 2. On January 12, 2015, pursuant to the Court's Order, the case was

administratively closed as Stegemann's IFP application was incomplete. Dkt. No. 3. Stegemann was given the opportunity to continue to pursue the action by either paying the filing fee or submitting a completed IFP application within thirty days. Id.

Stegemann filed a renewed IFP application, with inmate authorization form, on January 26, 2015. Dkt. No. 4. After reviewing the entire file, the Court finds that plaintiff's financial status qualifies him to file this action without prepaying in full the filing fee. Although plaintiff is financially eligible to proceed IFP, he must still pay the partial filing fee as stated in 28 U.S.C. § 1915(b)(1). Plaintiff has filed the appropriate authorization form. Dkt. No. 4-1 at 1. Plaintiff's request to proceed IFP in this action is therefore granted.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Stegemann brings this action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), 42 U.S.C. § 1983, 18 U.S.C. § 2520, and 18 U.S.C. §2701 et seq, in addition to a variety of New York and Massachusetts state laws. Compl. ¶ 1. Stegemann contends that there is both federal question and diversity jurisdiction present in his complaint. Id.

Stegemann alleges that various county law enforcement and district attorneys offices, state police entities, individual officers and investigators, members of the National Guard, and private telecommunications services have violated his constitutional rights.  See Compl. Between April 30, 2013 and May 2, 2013, numerous defendants executed an allegedly invalid warrant to search and seize various property from Stegemann's residence in Stephentown, New York. Id. ¶ 54.  Stegemann contends that his property was destroyed with his personal property being broken and scattered, residence walls being ripped down, gardens being destroyed, and yard excavated. Id. ¶¶ 54-56.  Stegemann contends that the search warrant by which his property was searched and seized was improperly signed by a Judge who did not possess authority to grant the warrant. Id. ¶ 55.  Further, Stegemann contends that his calls once he was placed into the Rensselaer County Jail were improperly monitored and recorded. Id. ¶ 56.  Lastly, Stegemann alleges that his cell phones, and the calls and text messages he sent and received, were also unlawfully intercepted pursuant to wiretaps, pen registers, and trap and trace devices. Id. ¶ 58.  No mention of subsequent criminal prosecution was included in the complaint.  For further details of the claims, reference is made to the complaint.

The undersigned also takes judicial notice that, on June 3, 2013, a federal complaint was filed naming Stegemann as the defendant. United States v. Stegemann, No. 13-CR-357 (GLS) at Dkt. No. 1 (hereinafter "Criminal Complaint").  The Criminal Complaint charged Stegemann with the (1) conspiracy to possess with the intent to distribute, and to distribute, 500 or more grams of cocaine, 28 or more grams of cocaine base (crack cocaine) and 100 or more grams of heroin in violation of 21 U.S.C. §V 841(a)(1), (b)(1)(A) & 846 and (2) possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. §

3

924(c)(1)(A). Criminal Compl. at 1. As attested to in the supporting affidavit, law enforcement personnel state that on April 20, 2013 Stegemann attempted to flee his residence when the warrant was executed, and after a brief pursuit, was arrested. Nitti Aff. (Criminal Compl. at 2-4) ¶ 3. After searching Stegemann's property, the following were discovered:

1. "[F]ound buried in the grounds and in a rock wall located in the area which Stegemann was fleeing, were 819.9 gross grams of cocaine and a handgun." Nitti Aff. ¶ 3.

2. "Seized from within []his bedroom was a loaded shotgun. Also discovered in the residence was a highly advanced surveillance system, along with 2066 gross grams of suspected marijuana and $16,000 of U.S. currency." Nitti Aff. ¶ 4.

3. "Discovered and seized on the grounds of . . . [the residence] were 108.2 gross grams of crack cocaine, 80.1 gross grams of cocaine, 100.1 gross grams of heroin, 86 gross grams of oxycodone and $280,100 of U.S. currency." Nitti Aff. ¶ 4.

4. Found in "the fields adjoining Stegemann's residence, investigators also seized 819.9 gross grams of suspected cocaine, 69.2 gross grams of oxycodone and 114.5 gross grams of heroin." Nitti Aff. ¶ 5.

On September 18, 2013, the case was indicted. United States v. Stegemann, No. 13-CR-357 (GLS) at Dkt. No. 10. The three-count Indictment charges Stegemann with (1) Possession with Intent to Distribute Controlled Substances; (2) Possession of Firearms in Furthence of Drug Trafficking; and (3) Possession of Firearms and Ammunition by a Prohibited Person. Id. Stegemann entered a plea of not guilty and was detained pending trial. Id. at Dkt. No. 15. Stegemann filed a motion to dismiss part of the indictment and

4

suppress various evidence. Id. at Dkt. Nos. 33, 34, 37. On July 29, 2014, pursuant to a Memorandum-Decision and Order, Stegemann's motion for suppression of evidence derived from wiretaps and aerial surveillance was denied, as was his motion to dismiss the second count of the indictment. Id. at Dkt. No. 64. The Court reserved on determining whether suppression of evidence from intercepted telephone calls at Rensselaer County Jail, and any derivative use of that evidence, was appropriate. Id.; see also Id. at Dkt.. No. 86. The suppression hearing addressing those issues is scheduled for January 30, 2015. Id. at Dkt. No. 93. The trial date has not yet been determined.

Stegmann contends that his Fourth and Fifth Amendment rights were violated by the issuance of an improper search warrant which presumably led to the search of his property. Compl. ¶ 54. Further, in connection with that search and seizure, Stegmann alleges that his Fourteenth Amendment rights were violated due to the destruction and seizure of his property. Id. As noted in the Criminal Complaint, the search of the property revealed an abundance of narcotics, cash, and multiple weapons.

### 1. **Heck** Bar

The gravamen of Stegmann's complaint deals with the search warrant; investigative techniques employed by listening in on his calls and retrieving his texts; and the search, destruction, and seizure of his property. The thrust of Stegmann's allegations stem from the criminal investigation which has resulted in a pending criminal prosecution.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

5

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court also contemplated instances where constitutional claims pursuant to the Fourth Amendment were made regarding an allegedly unreasonable search – such as a defective search warrant. Id, at 487 n.7 (explaining that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a . . . criminal trial resulting in the . . . conviction [because] . . . a § 1983 action, even if successful, would not necessarily imply that the . . . conviction was unlawful."). Accordingly, Heck would not bar a civil rights action where the "unlawful search['s] . . . illegality would not affect the validity of the conviction." Woods v. Candela, 47 F.3d 545, 546 (2d Cir. 1995).

Thus, the question before the Court on this initial review is whether there is a connection between the search warrant, phone conversations, and text messages and the evidence which was acquired during the search of Stegemann's property. Again, the evidence which was seized on and surrounding Stegemann's property were the narcotics, cash, and fire arms which are the basis of the pending Criminal Indictment. Thus, in finding that the warrant was invalid in this civil suit, the Court would be challenging the exact vehicle through which the named law enforcement agencies found the drugs, guns, and money which comprise the evidence in the Criminal Indictment. Accordingly, were Stegemann to succeed on any theory espoused above, he would necessarily call into question the validity of theory behind his pending criminal prosecution.

6

It is noted that in order for the Heck bar to be lifted in the context of civil cases challenging parallel criminal proceedings, the criminal proceeding needs to terminate in Stegemann's favor or, if convicted, that conviction must subsequently be overturned. See Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under Heck where the plaintiff's underlying conviction had not been overturned). At this point, the criminal case is still pending, so it is unclear whether the civil case can go forward. Accordingly, it is recommended that the case be dismissed without prejudice and with a right to renew upon Stegemann showing that his criminal charges have terminated in his favor.

While the Fourth Amendment has been specifically contemplated by the Supreme Court, the logic of Heck reasonably extends to "prohibit[] collateral attacks on judgments of conviction through the vehicle of a civil suit." Kapordelis v. Brant, No. 10-CV-4900 (NGG)/(JMA), 2010 WL 5152387, at *2 (E.D.N.Y. Dec. 13, 2010) (citations omitted). This is further demonstrated by the fact that the Heck bar is applicable to Bivens actions. See e.g. Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("Given the similarity between suits under § 1983 and Bivens, we conclude that Heck should apply to Bivens actions as well.") (citations omitted). Stegemann also presents claims pursuant to 18 U.S.C. § 2520, allowing for recovery of civil damages for interception of wire, oral or electronic communications, and 18 U.S.C. § 2701 et seq., prohibiting unlawful access to stored communications. Both of these statutes include an exception, namely a procedure for lawfully intercepting such communications pursuant to a warrant sworn to before and signed by a judge. 18 U.S.C. § 2518.

The basis of any of Stegmann's claims under these provisions also circle back to whether the search warrant which was obtained was lawful. The search warrant was the vehicle for securing all of the evidence which is the basis of the present criminal prosecution. So again, pursuing either of these claims regarding unlawful interception and access to electronic data or conversations would necessarily imply the invalidity of the search warrant which is the cornerstone of the pending Indictment and prosecution. For the reasons stated above, it is also recommended that these claims be dismissed without prejudice.

### 2. Fourteenth Amendment

To the extent that Stegemann asserts a Fourteenth Amendment claim for damaged, destroyed or seized property, such claims are not properly brought in federal court pursuant to § 1983. Federal courts do not provide redress for the deprivation of property if there is an adequate state court remedy available to a plaintiff. Hudson v. Palmer, 468 U.S. 517, 533 (1984). New York courts afford such a remedy through the initiation of an Article 78 proceeding. See N.Y.C.P.L.R. §§ 7803, 7804; see also Locurto v. Safir, 264 F.3d 154, 174 (2d Cir. 2001) ("An Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims.") (citations omitted); Campo v. New York City Employees' Ret. Sys., 843 F.2d 96, 101 (2d Cir. 1988) ("Article 78 . . . provides a summary proceeding which can be used to review administrative decisions."). State law also provides that any individual who seeks money damages against the State may commence an action for recovery only in the New York State Court of Claims. See N.Y. Corr. Law § 24(2). Here,

Stegemann contends that defendants damaged, destroyed and stole his property. First, however, the Article 78 procedure exists. Second, because Stegemann is suing for damages, he must pursue these claims against New York State in the New York Court of Claims. Thus, this claim should be dismissed as futile.

### 3. State Law Claims and Diversity of Citizenship

Stegemann also incorporates multiple state law claims and asserts that, as such, he is entitled to proceed under diversity jurisdiction. Compl. ¶ 1. For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). In order to sustain diversity jurisdiction, there must be complete or total diversity, in that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

In this case, Stegemann has failed to achieve complete diversity. He is a citizen of New York; however, he has also named multiple defendants from New York. Accordingly, his citizenship is not diverse from the citizenship of each defendant. Thus, the state court claims which Stegemann attempts to bring in federal court pursuant to diversity jurisdiction should be dismissed as he is unable to establish complete diversity.

### C. Opportunity to Amend

In light of Stegemann's pro se status, an opportunity to amend would generally be recommended prior to outright dismissal. However, in this instance, unless the criminal prosecution is terminated Heck bars all of the proffered claims. This has yet to happen;

9

therefore, amendment is futile and unnecessary.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").  Further, there is nothing Stegemann can do to remedy the lack of complete diversity.  Without an appropriate basis for subject matter jurisdiction, the Court may not hear a case.  See e.g. Alliance of Am. Ins. v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction sua sponte).

## II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that Stegemann's renewed motion to proceed In Forma Pauperis (Dkt. No. 4) is **GRANTED**;[1] and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Stegmann's complaint be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), failure to state a claim, and lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

---

[1] Plaintiff should note that although his in Forma Pauperis Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

10

foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Date: February 2, 2015
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge