**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSHUA G. STEGEMANN,**

                  **Plaintiff,**

   **v.**                                         **No. 1:15-CV-21
(TJM/CFH)**

**RENSSELAER COUNTY SHERIFF'S
OFFICE,** *et al.,*

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

This *pro se* action was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

In his October 3, 2016 Report-Recommendation and Order, Dkt. No. 19, Magistrate Judge Hummel recommends that Stegemann's complaint be dismissed as barred by *Heck v. Humphrey*, 513 U.S. 477, 486-87 (1994), and that plaintiff's letter motion requesting appointment of counsel and service of summonses, Dkt. No. 12, be denied as moot. Plaintiff filed objections to the recommendations. Dkt. No. 20.

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified

1

proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

### III.  BACKGROUND

On January 8, 2015, Stegemann, acting *pro se*, filed this civil rights action seeking money damages pursuant to (1) 42 U.S.C. § 1983 ("§ 1983") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of his rights under the Fourth, Fifth and Fourteenth Amendments as a result of the unlawful search and seizure of his person and property, and interception of his electronic communications, (2) 18 U.S.C. § 2520 and 18 U.S.C. § 2701 for intercepting and accessing his electronic communications, (3) § 1983 for violation of his rights under the Fourth, Fifth, and Fourteenth Amendments for the arbitrary destruction of his property, and (4) various New York and Massachusetts constitutional and statutory provisions for the unlawful search and seizure of his person and property, and for the interception of his electronic communications. Stegemann initiated this action while his underlying criminal case was ongoing.

On February 3, 2015, Magistrate Judge Hummel recommended (1) dismissal without prejudice of Stegemann's *Bivens* and § 1983 claims under *Heck v. Humphrey*, 512 U.S. 477

2

(1994), (2) dismissal of Stegemann's Fourteenth Amendment destruction of property claims under *Hudson v. Palmer*, 468 U.S. 517 (1984), and (3) dismissal of Stegemann's state law claims for lack of diversity jurisdiction. On February 19, 2015, the Court accepted Magistrate Judge Hummel's recommendations and dismissed the action, erroneously stating that all claims were dismissed with prejudice. Stegemann appealed to the United States Court of Appeals for the Second Circuit.

The Second Circuit found that the Court improperly dismissed Stegemann's *Bivens* and § 1983 claims under *Heck* because in February 2015, Stegemann's criminal trial was still ongoing. *See* May 3, 2016 Mandate, Dkt. No. 13, p. 5 ("*Heck* bars a § 1983 claim based on an extant conviction, but it has no application to an anticipated future conviction."). The Second Circuit further found that although Stegemann had been found guilty of all counts of the indictment in the underlying criminal case at the time it considered the appeal,[1] a judgment of conviction had not yet been entered thereby preventing the application of *Heck* at that time. *Id.* p. 8 ("Until sentencing occurs and a final judgment of conviction is entered, it remains possible that the verdict will not ripen into a judgment of conviction."). Thus, the Second Circuit vacated the judgment and remanded the matter to determine the application of *Heck*.

The Second Circuit also addressed Stegemann's destruction of property claims, finding that the Court "properly dismissed Stegemann's Fourteenth Amendment destruction of property claims under *Hudson*, 468 U.S. 517," but "failed to consider Stegemann's destruction of property claims made under the Fourth and Fifth Amendments." May 3, 2016

---

[1] On August 5, 2015, a jury returned a verdict finding Stegemann guilty of all counts of the Indictment in the underlying criminal case.

Mandate, p. 9. The Second Circuit held that the Court "should have considered and explained whether Stegemann's complaint states a claim under the Fourth and Fifth Amendments, rather than simply dismissing all of his destruction of property claims for jurisdictional reasons under *Hudson*, which applies only in the Fourteenth Amendment context." *Id.* p. 10. Thus, the Second Circuit remanded "Stegemann's destruction of property claims for consideration of whether he has stated a claim under the Fourth and Fifth Amendments." *Id.*

The Second Circuit also instructed that, on remand, "the District Court should consider whether it has supplemental jurisdiction over Stegemann's state law claims under 28 U.S.C. §1367." *Id.*

On remand, the matter was again referred to Magistrate Judge Hummel for a report and recommendation and, as indicated above, Magistrate Judge Hummel recommended that the complaint be dismissed as barred by *Heck v. Humphrey*, 513 U.S. 477, 486-87 (1994), and that plaintiff's letter motion requesting appointment of counsel and service of summonses, Dkt. No. 12, be denied as moot. Dkt. No. 19.

In his objections, Plaintiff argues that his claims seeking monetary damages for the "excessively forceful execution" of the search warrant, the indiscriminate destruction of his property, and the improper interception and access to his electronics communications are not barred by *Heck*. Dkt. No. 20.

## IV. DISCUSSION

As indicated by Magistrate Judge Hummel in his February 3, 2015 Report-Recommendation and Order, "pursuing . . . claims regarding unlawful interception and

4

access to electronic data or conversations would necessarily imply the invalidity of the search warrant [that was] the cornerstone of [Stegmann's] Indictment and prosecution." *Id.* p. 8. Because Stegmann has not demonstrated or argued that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, the *Heck* rule bars Stegmann from recovering damages for the law enforcement officers' actions of intercepting and accessing his electronics communications. *See Heck,* 512 U.S. at 486-87. Thus, Stegmann's objection in this regard is overruled.

Based on the allegations in the Complaint that law enforcement officers unnecessarily destroyed Plaintiff's property (including tearing down interior walls and ceilings) while executing the search warrant of Stegmann's residence, the Court treats Stegmann's "excessively forceful execution" of the search warrant claim to be the same as his claim alleging the indiscriminate destruction of his property. Because monetary recovery for the indiscriminate destruction of his property would not necessarily imply the invalidity of his conviction, *see id.*, at 487 n.7 (explaining that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a . . . criminal trial resulting in the . . . conviction [because] . . . a § 1983 action, even if successful, would not necessarily imply that the . . . conviction was unlawful."); *see also United States v. Ramirez,* 523 U.S. 65, 71 (1998)("Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not

5

subject to suppression."), Stegmann's claims for property damages under the Fourth and Fifth Amendments appear not to be bared by *Heck*. Thus, Stegmann's objection in this regard is sustained. Because Magistrate Judge Hummel did not address whether Stegmann has presented legally viable property destruction claims under the Fourth or Fifth Amendments, the matter is recommitted to Magistrate Judge Hummel for further recommendation on this issue.

## V.     CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Hummel's October 3, 2016 Report-Recommendation and Order, Dkt. No. 19, in part, finding that all claims except the claims brought under the Fourth and Fifth Amendments seeking monetary recovery for the indiscriminate destruction of property are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and are dismissed without prejudice to refiling in the event Plaintiff can overcome the "favorable termination" rule established by *Heck*. The matter is recommitted to Magistrate Judge Hummel to make recommendations whether Plaintiff has pleaded legally viable claims under the Fourth and/or Fifth Amendments for monetary recovery for property destruction, and if, so whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff's motion for appointment of counsel and service of summonses [Dkt. No. 12] is denied with leave to renew following resolution of whether legally viable claims remain pending in this Court.

Plaintiff's letter-motion seeking a status report of this Dkt. No. 12 motion, [Dkt. # 14] is denied as moot.

**IT IS SO ORDERED.**

Dated:March 3, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge