**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JOSHUA G. STEGEMANN,

                           Plaintiff,

   v.
                                                1:15-CV-21

RENSSELAER COUNTY SHERIFF'S       (TJM/CFH)
OFFICE, et al.,

                           Defendants.

---

**APPEARANCES:**                      **OF COUNSEL:**

Joshua Stegemann
20552-052
F.C.I. Berlin
Inmate Mail/Parcels
P.O. Box 9000
Berlin, New Hampshire 03570
Plaintiff pro se

**Christian F. Hummel,
U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

On March 3, 2016, Senior U.S. District Judge Thomas J. McAvoy, in relevant part, adopted in part the undersigned's October 3, 2016 Report-Recommendation and Order, finding that

> all claims except the claims brought under the Fourth and Fifth Amendments seeking monetary recovery for the indiscriminate destruction of property are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and are dismissed without prejudice to refiling in the event Plaintiff can overcome the 'favorable termination' rule established by Heck.

Dkt. No. 23 at 6. Judge McAvoy "recommended to Magistrate Judge Hummel to make

recommendations whether Plaintiff has pleaded legally viable claims under the Fourth and/or Fifth Amendments for monetary recovery for property destruction, and if, so whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims." Id. Thus, the undersigned addresses these directions herein.[1]

## I. Fourth and Fifth Amendment Property Destruction and Seizure Claims

In his complaint, plaintiff alleges violations of his Fourth and/or Fifth Amendment rights for destruction and seizure of property. Compl. at 14. He contends that,

> [b]etween the dates of April 30th, and May 2, 2013 the Rensselaer County Sheriff's Office, Massachusetts State Police, Pittsfield Police Department, Berkshire County District Attorney's Office, Warren County Sheriff's Office, Rensselaer County District Attorney's Office, the Berkshire County Drug Task Force, and Sub-Surface Informational Surveys Inc. unlawfully searched and seized Stegemann's person, property, vehicles, and residence at 138 Losty Road in the Town of Stephentown, New York without a valid warrant.[2]

Id. at 14-16. Specifically, plaintiff contends that the aforementioned defendants "destroyed" his "residence and property" insofar as they allegedly:

> tore town interior walls and ceilings, ripped apart and scattered personal belongings, seized medical records, personal love letters, religious items, photographs, computers, televisions, chainsaws, generators, motor vehicles, ATVs, weed whackers, snow blowers, financial

records, house files, insurance policies, employment information, mail, address books,

---

[1] Any unpublished cases cited herein have been provided to plaintiff with his copy of this Report-Recommendation and Order.

[2] Plaintiff's claims relating to a lack warrant or an improper warrant have been dismissed from this action. Dkt. Nos. 13, 19, 23.

2

personal telephone books, and myriad other papers and effects . . . tore apart patio walkways, and rock gardens, bulldozed grape arbors, water fountains, pine trees, rock walls, exterior landscaping, flower gardens; excavated deep holes in the lawns and grounds; used ground penetrating sonar to survey and dig into the grounds, removed several dozen tons of pea stone and quartz crystal contained in a serenity garden that was made up of Chinese maple trees, ornamental pine trees, fountains, grape arbors, rose bushes, grape vines; seized over three hundred thousand ($300,000.00) dollars in United States Currency; seized jewelry, watches, Greylock Federal Credit Union bank accounts; broke portions of motor vehicles, and ATVs, along with myriad other damages. All of the same was done without a valid warrant, in violation of the rights guaranteed Stegemann under the 4th, 5th, and 14th Amendments[3] to the United States Constitution; Article 1, § 12 of the New York State Constitution; Article 14 of the Massachusetts Declaration of Rights; NYCPL §§ 690.05, 690.25, 690.35, 690.45; 18 U.S.C., §§ 2510–2522; 18 U.S.C. §§ 2701 et seq.; Massachusetts General Laws Chapter 272, § 99; and NYCPL §§ 700.05-700.70.

Id. at 15-16. Plaintiff demands "three million ($3,000,000.00) dollars in punitive and compensatory damages," but does not specify the amount of damages he specifically associates with his destruction or seizure of property claims. Id. at 27.

The Second Circuit made clear that "'[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression.'" U.S. v. Howard, 489 F.3d 484, 497 (2d Cir. 2007) (quoting United States v. Ramirez, 523 U.S. 65, 71 (1998)). However, "it is well recognized that 'officers executing search warrants on occasion must damage property in order to perform their duty.'" Diaz v. City of New York, 00-CV-2944 (JMA), 2006 WL 3833164, at *7 (E.D.N.Y. Dec. 29, 2006) (quoting Cody v. Mello, 59 F.3d 13, 16 (2d Cir. 1995)). "[T]he Supreme Court has held that a 'seizure' under the Fourth Amendment 'occurs when there is some meaningful

---

[3] The Second Circuit held that the Court "properly dismissed Stegemann's Fourteenth Amendment destruction of property claims under Hudson, 468 U.S. 517[.]" Dkt. No.13 at 9. Thus, the Court will not be considering plaintiff's destruction of property claims under the Fourteenth Amendment.

3

interference with an individual's possessory interests in that property.'" Heidorf v. Town of Northumberland, 985 F. Supp. 250, 257 (N.D.N.Y. 1997) (quoting Soldal v. Cook County, Illinois, 505 U.S. 56, 61 (1992) (additional internal quotation marks omitted)). For a plaintiff to succeed on a Fourth Amendment claim for destruction of property, he "must establish 'that the officers' actions were unreasonable or malicious, and that more than ordinary disarray and damage incident to the execution of the warrant' or search occurred." Jackson ex rel. Jackson v. Suffolk County, 8 F. Supp. 3d 386, 401 (E.D.N.Y. 2015) (quoting Kirkland v. City of N.Y. No. 06-CV-0331 (NG/CLP), 2007 WL 1541367, at *7 (E.D.N.Y. May 25, 2007)). However, "'[s]ome property damage caused during a lawful search is not per se unreasonable within the meaning of the Fourth Amendment . . . . The reasonableness of the damage must be evaluated with reference to the target of the search,' such as a more invasive contraband search." Id. at 401-02 (quoting Koller v. Hillerbrand, 933 F. Supp 2d 272, 278 (D. Conn. 2013)).

Although it is clear that the search underlying this action was for contraband and that contraband was discovered in certain of these locations,[4] because the Court does not have sufficient facts before it to assess whether the damage was reasonable in connection with the search, at this early stage, it cannot be determined that no fact-finder could conclude that the breadth of the alleged destruction to plaintiff's personal property, home, and land was reasonable. Accordingly, it is recommended that plaintiff

---

[4] See generally United States v. Stegemann, No. 13-CR-357 (GLS), at Dkt. No. 1.

be permitted to proceed on his Fourth Amendment destruction of property claim.[5]

As for the Fifth Amendment, this Court has recognized that the Fifth Amendment protects against destruction of property. Center v. Catholic Charities, 15-CV-597 (LEK/ATB), 2015 WL 4067559, at *5 n.7 (N.D.N.Y. July 2, 2015). It appears plaintiff is contending that his rights were violated under the Fifth Amendment insofar as his property was damaged, destroyed, or seized without due process. See generally Compl. As plaintiff's destruction of property claims are covered under the allegations he set forth pursuant to the Fourth Amendment, he cannot allege "those same injuries under the Fifth Amendment." Cane v. New Britain Police Dep't, 3:16-CV-1638 (SRU), 2017 WL 752278, at *4 (D. Conn. Feb. 27, 2017) (citing Albright v. Oliver, 510 U.S. 266, 274-75 (1994)). Accordingly, it is recommended that plaintiff's claims for destruction of property, to the extent he is alleging such claims under the Fifth Amendment, be dismissed without prejudice.

To the extent plaintiff contends that seizure of his property was improper under the Fourth Amendment,[6] insofar plaintiff argues that the seizure occurred without a warrant or with an invalid warrant, such claim must be dismissed, as it would necessarily impact the validity of his conviction, as the Court would be required to determine whether the warrant was valid or whether probable cause existed for the

---

[5] It should be noted that, in recommending that plaintiff be permitted to proceed past the initial review stage on this claim, the undersigned is making no determination as to whether plaintiff's claim will survive a properly-filed dispositive motion.

[6] A seizure occurs when there is some meaningful interference with an individual's possessory interest in that property. Shaul v. Cherry Valley-Springfield Cent. Sch. Dist., 363 F.3d 177, 185 (2d Cir. 2004) (citing United States v. Jacobsen, 466 U.S. 109, 113 (1984)).

seizure. See generally U.S. v. Cosme, 795 F.3d 226, 233 (2d Cir. 2015). Furthermore, as long as the initial seizure of property was lawful, the fact that plaintiff's property was seized does not, without more, state a Fourth Amendment claim of unreasonable seizure. Id. at 187 (citing United States v. Jakobetz, 955 F.2d 786, 802 (2d Cir. 1992)). Accordingly, it is recommended that, insofar as plaintiff's complaint may be read as attempting to set forth a Fourth Amendment claim for improper seizure of his property, such claim be dismissed, without prejudice, under Heck.

## II. Other Federal Statutory Claims

This Court's prior Report-Recommendations and Orders and Decision and Orders have not addressed plaintiff's allegations relating to 18 U.S.C. §§ 2510-2522; 18 U.S.C. §§ 2701, et seq.[7]; and 18 U.S.C. §§ 3121-3127. Dkt. Nos. 5, 7, 19, 23-24. Plaintiff's claims that defendants violated these federal statutes appear to be related to the allegedly improper electronic surveillance of his text messages, telephone records, telephone calls, and the installation of a pen register and/or trap and trace device on his cellular telephones. Compl. at 23-24. Plaintiff's complaint does not contain discussion of these federal statutes, rather, he includes these statutes in a citation, collectively with all of the other federal and state constitutional and state law claims he alleged were violated. Compl. at 16, 20, 21-25. Assuming all of these statutes provide for a private right of action, were the Court to determine that the search, seizures, pen registers, and

---

[7] The Second Circuit identified plaintiff's claims under 18 U.S.C. § 2520 and 18 U.S.C. § 2701, but did not explicitly address whether they were properly dismissed. Dkt. No. 13 at 3.

6

trap and traces were obtained or administered in violation of such statutes, the necessary conclusion is that the "fruits" of such searches, seizures, and surveillance is also invalid. This finding would necessarily invalidate his conviction. Heck

Accordingly, it is recommended that plaintiff's claims relating to the above-mentioned federal statutes – assuming for purposes of this review that they allow for a private cause of action – be dismissed without prejudice as inconsistent with Heck.[8]

### III. State Law Claims[9]

Plaintiff sets forth various claims under New York State and Massachusetts law, all relating to allegedly illegal search and seizure/surveillance of his personal property and of his electronic communications. See generally Compl. In its February 2, 2015 Report-Recommendation and Order, which was adopted in a February 20, 2015 Order, this Court declined to reach plaintiff's state law claims, contending that he has failed to

---

[8] 18 U.S.C. § 2520 provides for recovery of civil damages.

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, *other than the United States*, which engaged in that violation such relief as may be appropriate.

[9] Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction where

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

7

demonstrate "complete jurisdiction" as plaintiff is a New York resident, and has named "multiple defendants from New York." Dkt. No. 5 at 9. Plaintiff has not set forth any further facts to demonstrate that he has met diversity requirements.

Even if plaintiff were able to establish complete diversity, his State law claims must be dismissed for the reasons that his <u>Bivens</u> and 1983 claims were dismissed. Dkt. No. 13, 19, 23. Plaintiff's New York State law claims relate to his allegations that the search and seizure of his property as well as the surveillance of his comminations, violated (1) his right under the New York State Constitution to be free from unreasonable search and seizure, (2) violated various sections of the criminal procedure law relating to application, and execution of both traditional search warrants and search warrants relating to video surveillance and eavesdropping. To the extent the New York State Constitution can be read to support a private right of action for claims of unreasonable search and seizure, <u>Clayton v. City of Poughkeepsie</u>, 06-Civ.-4881 (SCR), 2007 WL 2154196 (S.D.N.Y. June 21, 2007), and the Massachusetts Declaration of Rights[10] can be read to provide the same, such findings by this Court would necessarily invalidate plaintiff's conviction, as to hold that a search and seizure

---

[10] Article 14 of the Massachusetts Declaration of Rights protects against unreasonable searches and seizures. Mass. Const. pt. 1, art. 14. Article 14 provides:
> Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure: and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws.

M.G.L.A. Const. Pt. 1, Art. 14.

relating to his conviction for Possession of Cocaine, Heroin, and Oxycodone with Intent to Distribute, Possession of firearms in furtherance of a Drug Trafficking Crime, and Possession of Firearms and Ammunition by a Convicted Felon was improper would call into question the legality of the searches and seizures underlying that conviction.[11]

Plaintiff also cites to various portions of the New York Criminal Procedure Law and the Massachusetts General Laws. See generally Compl. New York Criminal Procedure Law §§ 690.05, 690.25, 690.35, 690.45 relate to the application, form, and execution of search warrants, and §§ 700.05-700.70 address application, authorization, execution, of video surveillance and eavesdropping warrants and the custody, management, and use of evidence obtained therefrom. Massachusetts General Law Ch. 272 § 99 relates to interception of wire and oral communications. M.G.L.A. 272 § 99.

Plaintiff's state law claims arise out of the identical facts and circumstances as his section 1983 and Bivens claims. See generally Compl. To permit plaintiff to proceed in this Court on his claims that defendants violated these New York and Massachusetts state laws relating to search and seizure and obtaining of warrants, pen register, video surveillance, and eavesdropping, such a conclusion would "frustrate the purposes of judicial economy, as well as the intent of Heck, to allow state claims based on the exact same allegations to proceed in federal court." Clayton, 2007 WL 2154196, at *5.

Accordingly, the undersigned recommends that plaintiff's claims arising under

---

[11] See United States v. Stegemann, 1:13-CR-357, Dkt. No. 208 (Judgment of Conviction).

the New York State Constitution, Massachusetts Declaration of Rights, New York State Criminal Procedure Law, and Massachusetts General Laws be dismissed without prejudice.

## IV.  CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's Fourth Amendment property damage claims proceed; and it is further

**RECOMMENDED**, that, insofar as plaintiff's complaint may be read as stating a claim for improper seizure of his property under the Fifth Amendment, such claim be **DISMISSED** without prejudice; and it is further

**RECOMMENDED**, that plaintiff's claims arising under 18 U.S.C. §§ 2510-2522; 18 U.S.C. §§ 2701, et seq.; and 18 U.S.C. §§ 3121-3127 be **DISMISSED** without prejudice; and it is further

**RECOMMENDED**, that plaintiff's claims arising under the New York State Constitution, Massachusetts Declaration of Rights, New York State Criminal Procedure Law, New York State law, and Massachusetts General laws be **DISMISSED** without prejudice; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules; and it is

Pursuant to 28 U.S.C. § 636 (b) (1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within

fourteen (14) days after being served with a copy of the . . . recommendation."

N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636 (b) (1) (B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6 (a), 6 (e).

**IT IS SO ORDERED**.

Dated: April 17, 2017
       Albany, New York

*[signature]*
Christian F. Hummel
U.S. Magistrate Judge