UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSHUA G. STEGEMANN,
       **Plaintiff,**

  vs.                  1:15-CV-21

RENSSELAER COUNTY SHERIFF'S
OFFICE, et al.,

       **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

  Before the Court are various Defendants' motions to dismiss Plaintiff's Second Amended Complaint. See dkt. #s 354, 368, 372, 377, 396, 398. The parties have briefed the issues and the Court has determined to resolve the matter without oral argument.

**I. BACKGROUND**

  This case concerns Plaintiff's claims that various state and local entities in New York and Massachusetts violated his constitutional rights while searching his property from April 30, 2013 to May 2, 2013. Plaintiff filed an initial Complaint on January 8, 2015. See dkt. # 1. Since that time, the case has featured an extensive motion practice, an appeal and a remand, two Amended Complaints, a number of decisions from this Court granting motions to dismiss from various parties, and additional motion practice. The claims remaining in this case allege that Defendants violated Plaintiff's

right to be free of unreasonable search and seizure when they engaged in a search that was unreasonably destructive. Having already related in detail the allegations in the Second Amended Complaint in previous decisions addressing motions to dismiss, the Court will assume the parties' familiarity with that document and limit discussion of the facts alleged in the Second Amended Complaint to those which are relevant to the instant motions.

## II.   LEGAL STANDARD

Numerous of the remaining Defendants have moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and [draw] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). When, as here, a plaintiff proceeds *pro se*, the Court "'construe[s] [the complaint] broadly, and interpret[s] [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "This is especially true when dealing with pro se complaints alleging civil rights violations." Id.

### III.    ANALYSIS

   A.   **Motion of Defendants William Scott, Dale Gero, Michelle Mason, John Stec, Robert Patterson, Steve Jones and James Deas**

Defendants William Scott, Dale Gero, Michelle Mason, John Stec, Robert Patterson, Steve Jones, and James Deas move to dismiss Plaintiff's claims against them.  See dkt. # 354.  All of these Defendants are associated with the Massachusetts State Police.  Plaintiff alleges that these Defendants were involved in obtaining an improper search warrant for his property, conducting surveillance on his property, executing the search warrant on his property, arresting the Plaintiff, and engaging in the destructive search that is the subject of Plaintiff's remaining claim.  See Second Amended Complaint, dkt. # 134, at ¶¶ 6, 9-10, 15.  Defendants argue that Plaintiff's destructive search claim against them is barred by the law of the case and collateral estoppel.  They also argue that Plaintiff has failed to state a claim upon which relief could be granted and argue they would be entitled to qualified immunity in any case.  Plaintiff offers a number of reasons to oppose their motion.

Plaintiff first argues that these defendants have already answered the Second Amended Complaint, and that their motion to dismiss is therefore procedurally barred and must be converted to a motion for summary judgment.  Since no discovery has occurred, Plaintiff contends, the motion should be denied as premature.  Plaintiff is correct that a motion to dismiss should be filed in lieu of an answer.  These defendants have answered the Complaint and then filed a motion to dismiss.  Defendants have not, however, waived their right to move for dismissal by first filing an answer.  The Second Circuit Court of Appeals has held that "a motion to dismiss for failure to state a claim . .

3

. that is styled as arising under Rule 12(b) but is filed after the close of pleadings should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Id. The Court will therefore consider the motion over Plaintiff's objection and apply the Rule 12(b)(6) standard here.

Plaintiff next argues that Defendants have waived their defense of collateral estoppel by failing to assert the defense in their answers.[1] Plaintiff is correct that Federal Rule of Civil Procedure 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . estoppel." FED. R. CIV. P. 8(c). Defendants here did not raise collateral estoppel as a defense in their answers, and Plaintiff argues they therefore cannot raise that defense here. Courts have decided otherwise. "Generally, the defense of collateral estoppel asserted by the Defendant . . . is an affirmative defense to be asserted in an answer pursuant to Federal Rule of Civil Procedure 8(c)." Assante v. Eastern Sav. Bank (In re Assante), 470 B.R. 707, 711 (Bankr. S.D.N.Y. 2012). "'However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer.'" Id. (quoting 9281

---

[1]Plaintiff also asserts that Defendants have waived their collateral estoppel defense because they did not properly file a motion to dismiss and therefore they have not asserted the defense in that context. As explained above, however, Defendants' motion is properly considered a motion for judgment on the pleadings. Nothing prevents defendants from asserting collateral estoppel in such a motion.

Shore Rd. Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Rd. Owners Corp.), 214 B.R.. 676, 684 (Bankr. E.D.N.Y. 1997); see also Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992)).

In any case, a failure to plead an affirmative defense under Rule 8(c) "does not necessarily result in waiver." Rose v. AmSouth Bank, 391 F.3d 63, 65 (2d Cir. 2004). "Waiver by failure to plead is indeed the general rule, but it is a rule 'not applied automatically and as a practical matter there are numerous exceptions to it.'" American Fed. Group v. Rothenberg, 136 F.3d 897, 910 (2d Cir. 1998) (quoting 5 Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1278, at 491 (2d ed. 1990)). A "waiver may not be proper where the defense is raised at the first pragmatically possible time and applying it at that time would not unfairly prejudice the opposing party." Id. Indeed, courts have concluded that the purpose of requiring a defendant to plead the affirmative defense of estoppel is "providing notice and an opportunity to respond." Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003) (citing Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971)).

Here, there can be no doubt that Plaintiff had notice of and an opportunity to respond to the defense of collateral estoppel at an early point in the litigation despite Defendants' failure to plead the defense in their answer. A number of other defendants raised the issue in the course of this litigation, and Plaintiff fully briefed his opposition to that argument. Plaintiff is not the victim of any surprise when confronted with these Defendants' use of the doctrine. Moreover, Defendants did not sit on the defense and raise it as some late juncture in the litigation. They filed a motion to dismiss shortly

5

after filing their answer and raised that defense. Plaintiff had an opportunity to respond. The Court will therefore decline to consider the defense waived.

Having concluded that the Defendants did not waive their collateral estoppel defense, the Court must now consider whether the defense applies in their case as it did in the case of the other law-enforcement Defendants. Plaintiff contends that collateral estoppel does not apply against these Defendants because they are police officers from Massachusetts. They operated outside their jurisdiction in executing the warrant, he argues, and thus the search itself, as well as the destruction of property, was illegal. Plaintiff did not litigate this issue "of fact" before the Court of Claims, and he insists that collateral estoppel therefore does not apply.

The Court will assume the parties' familiarity with the issues of collateral estoppel already explained in previous decision and address the doctrine only as necessary to explain the decision here. Plaintiff's argument, in part, is that an identity of issues does not exist between the claims against the Massachusetts Defendants here and the decision in the State court. As to identity of issue, "the burden of proving identity of issue rests on the proponent of collateral estoppel[.]" Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 730 (2d Cir. 2001). Courts take "a functional approach" to "analyzing collateral estoppel in New York, and it should not be applied rigidly." Id. at 731. The question is whether there is "an identity of issue which has necessarily been decided in the prior action and is decisive in the present action[.]" Schwartz v. Public Adm'r of County of Bronx, 24 N.Y.2d 65, 71 (1969). A party can satisfy the "identify of issues" requirement by showing that the state court "necessarily decided the very issues that plaintiff is seeking in substance to pursue here under §

6

1983[,] . . . that his federal claims rest on the same factual grounding as presented to the" state court, and that the prior body's "findings and conclusions . . . are fatally inconsistent with plaintiff's current factual contentions and claims." Basak v. N.Y. State Department of Health, 9 F.Supp.3d 383, 395 (S.D.N.Y. 2014). The State court decided the underlying issue which Plaintiff would need to prove in order to prevail on these claims, against whomever they were brought: the court ruled that the allegedly destructive search did not violate Plaintiff's Fourth Amendment rights. This Court's earlier decisions concluded that Plaintiff could make only a claim about the execution of the search, not the fact of the search. The New York court found that the execution of the search did not violate Plaintiff's rights, and identity of issue applies.

Plaintiff also appears to argue that since the Massachusetts defendants were not parties to the litigation the doctrine of collateral estoppel cannot bar claims against them. As the Court has previously explained, the parties need not be identical for collateral estoppel to apply. "A requirement of complete identity of parties serves no purpose" in the collateral estoppel context "as long as the person against whom the findings are asserted or his privity has had a full and fair opportunity to litigate the identical issue in the prior action." Carino v. Deerfield, 750 F.Supp. 1156, 1170 (N.D.N.Y. 1990) (citing Blonder-Tonque Lab. Inc. v. Univeristy of Illinois Found., 402 U.S. 313, 329 (1971)). The Court has already found that this condition applies, and will do so again here. Collateral estoppel bars this claim against the moving Defendants. The Court will grant the motion for this reason.

**B.    Motion of Anthony D'Agostino**

7

Defendant Anthony D'Agostino also moves to dismiss the Second Amended Complaint against him, arguing that Plaintiff's claims are barred by collateral estoppel, that Plaintiff fails to allege his personal involvement in any property damage, that he is entitled to qualified immunity, and that the statute of limitations has run. See dkt. # 368. In replying to Defendant D'Agostino's motion, Plaintiff admits that "[i]n light of this Court's previous judgment . . . I am unable to advance any argument in opposition to D'Agostino's timely claim to collateral estoppel now."

In light of the Plaintiff's representation, the Court will grant Defendant D'Agostino's motion as unopposed.

### C. Motion of Justin Loomis and Wayne Peters

Defendants Justin Loomis and Wayne Peters, who were formerly Fulton County Sheriff's Office K-9 deputies, have filed a motion to dismiss. See dkt. # 372. They represent that Plaintiff was unaware of their identities when he filed his Second Amended Complaint but were subsequently identified and served. Defendants argue that Plaintiff has failed to allege that they were personally involved in their allegedly destructive search at issue, that the statute of limitations bars Plaintiff's claims against them, and that collateral estoppel applies. Plaintiffs offers many of the same arguments regarding collateral estoppel summarized above with respect to the Massachusetts State Police Defendants. He contends that the collateral estoppel does not apply because Defendants lacked jurisdictional authority to act and thus could not act legally in searching his property. Plaintiff also challenges Defendants' claim that the statue of limitations has run, and that he has alleged their personal involvement.

The Court finds that Plaintiff's arguments fail for the reasons stated above, and that collateral estoppel applies to bar his claims against the moving Defendants. The Court will grant the motion for those reasons.

### D. Motion of Subsurface Informational Surveys, Inc.

Defendant Subsurface Informational Surveys, Inc., also moves to dismiss the Plaintiff's Second Amended Complaint. See dkt. # 377-2. Plaintiff alleges that Subsurface signed a contract with police officials "to search and excavate underground areas on [his] property" "subsequent to" the April-May 2013 search that he alleges destroyed his property. Second Amended Complaint at ¶ 36. Defendant argues that the statute of limitations has run on this claim since the three-year statute of limitations applicable to Section 1983 claims in New York passed in 2016 and the Defendant was not served until August 2018. Plaintiff responds that his Complaint was timely filed, and the date of filing is the date used to determine compliance with the statute of limitations in New York.

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. "Section 1983 does not provide a specific statute of limitations." Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). Courts use "the statute of limitations for personal injury actions under state law." Id. Under that standard, the statue of limitations for Section 1983 claims in New York is three years. Id. "Under New York law, an action is 'commenced' upon filing, not upon service on the defendant." Gerena v. Korb, 617 F.3d 197, 207 (2d Cir. 2010) (citing N.Y. C.P.L.R. § 304). Plaintiff filed the Complaint that named Subsurface within three years of the allegedly illegal search and the motion is denied on that basis.

9

Apparently acknowledging that Plaintiff should prevail on the statute of limitations issue, in reply Defendant argues that the case should be dismissed because Plaintiff failed to serve the Complaint within the time required by Federal Rule of Civil Procedure 4(m). That rule provides that the Court "must dismiss the action without prejudice against" a defendant who is not served within 120 days after a complaint is filed. FED. R. CIV. P. 4(m). At the same time, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Courts "have interpreted this rule to give wide latitude to courts in deciding when to grant extensions of time to serve, including permitting courts to grant extensions even absent good cause." Gerena, 617 F.3d at 201. "Where . . . good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice," a court does not commit an abuse of discretion in granting an extension of time to serve "so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." Zapata v .City of New York, 502 F.3d 192, 197 (2d Cir. 2007).

This case has a long and complicated procedural history. Defendant is correct that Plaintiff filed his initial Complaint on January 8, 2015. See dkt. # 1. He also filed a motion for leave to proceed *in forma pauperis*. See dkt. # 2. That filing triggered an initial review by the Court. On February 20, 2015, the Court adopted the Report-Recommendation of Magistrate Judge Christian F. Hummel and dismissed the case against all Defendants without ever having summons issued for any Defendant. See dkt. # 7. Plaintiff appealed that decision. See dkt. # 9. On May 25, 2016, the United States Court of Appeals for the Second Circuit issued its mandate, which vacated the

10

Court's decision and remanded the case to this Court. See dkt. # 13. After two more Report-Recommendations, the Court permitted the case to go forward on Plaintiff's destruction of property claims and on July 28, 2017, the Court finally issued summons for all Defendants, including Subsurface. See dkt. #s 26, 35. On August 4, 2017, Plaintiff filed an Amended Complaint, which caused the Court to issue amended summonses. See dkt. #s 38-39. The United States Marshals Service's attempt at serving the moving Defendant proved unsuccessful. See dkt. # 44. Subsurface was not located at the address provided. Id.

Plaintiff then informed the Court that Subsurface was no longer located at the address he had provided and moved to serve the Complaint at a different address. See dkt. # 92. The Court reissued summons for the new address that Plaintiff provided on October 5, 2017. See dkt. # 128. Marshals attempted service by mail on October 17, 2017, but no acknowledgment of service was returned within thirty days, and service was therefore not achieved.[2] See dkt. # 189. The Marshals Service informed the Court of this failure on December 8, 2017. Id. On December 11, 2017, Plaintiff wrote the Court to request that the Court order hand service on those Defendants who, he claimed, had refused to acknowledge service by mail. See dkt. # 192. Subsurface was among the Defendants listed in this request. Id. On December 20, 2017, Magistrate Judge Hummel ruled that Plaintiff's motion for service would be denied with leave to renew after the Court decided the pending motions to dismiss. See dkt. # 193. The

---

[2]Plaintiff had difficulty with service by mail on a number of Defendants. Even before Marshals attempted service on Subsuface by mail, Plaintiff wrote the Court requesting in-hand service for a number of Defendants who had not acknowledged his attempts to serve them by mail. See dkt. # 131.

11

Court decided the motion to dismiss on March 5, 2018. See dkt. # 201. Plaintiff renewed his motion for in-hand service on March 13, 2018. See dkt. # 202. Magistrate Judge Hummel granted this motion in part on March 30, 2018. See dkt. # 207. On June 25, 2018, the Marshals Service reported to the Court that two attempts at personal service on Subsurface had failed, and that no such Defendant existed at the address provided. See dkt. # 239. On July 12, 2018, Plaintiff wrote the Court, complaining that the Marshals Service had tried to achieve service at the wrong address for Subsurface and requesting forms so that a new summons be issued. See dkt. # 262. The Court provided the forms the next day. See dkt. # 263. Plaintiff returned the new form and requested personal service on Subsurface on July 27, 2018. See dkt. # 271. The Court reissued the summons on August 13, 2018. See dkt. # 281. The Court received an acknowledgment of service form from Defendant Subsurface on September 28, 2018. See dkt. # 316. Service had been made on August 22, 2018. Id.

The question before the Court is whether the Plaintiff's Second Amended Complaint against Defendant Subsurface should be dismissed without prejudice for failure to timely serve. While Plaintiff took well over three years to complete service on the moving Defendant, he was not idle during this time. He was also limited by a number of factors beyond his control. The Plaintiff is a prisoner proceeding pro se and has been required to rely on the limited resources available him in prison to prosecute this matter. He has been required to rely on the work of the United States Marshals Service to affect service. The procedural history detailed above indicates that Plaintiff has been vigilant in his efforts to have the Complaint served. Mistakes regarding the proper address for service of Subsurface derailed his efforts with regard to this

Defendant, but the Court does not doubt Plaintiff's sincere efforts to serve the Complaint. Defendant does not claim any prejudice from the late service of the Complaint, and the Court finds none. Discovery in this matter–should any be required–has not yet commenced. Defendant has been able to move to dismiss the Complaint on statute-of-limitations grounds.

The Court therefore finds good cause for the failure to serve and will grant Plaintiff an extension of time to serve the Second Amended Complaint. Even if no good cause existed, the Court would still grant the extension. The statute of limitations would run if the Court were to grant the Defendant's motion and dismiss the case without prejudice, and Plaintiff would be unable to have his claims decided on the merits due to a variety of circumstances, most largely beyond his control.

The Court will therefore deny the Defendant's motion to dismiss and grant an extension of time to serve the Second Amended Complaint. As the Second Amended Complaint has already been served, Defendant Subsurface shall have twenty-one days from the date of this Order to answer or otherwise respond to the Second Amended Complaint.

### E. Motion of Travis McCarthy

Defendant Travis McCarthy also moves to dismiss Plaintiff's Second Amended Complaint. See dkt. # 396. Plaintiff alleges that McCarthy is a Massachusetts State Police Detective, working out of the Berkshire Office. See Second Amended Complaint, dkt. # 134, at ¶ 6. McCarthy, Plaintiff alleges, was part of the Berkshire County Drug Task Force. Id. He further alleges that McCarthy was involved in the search that destroyed his property and is the subject of his remaining claims. Id. at ¶¶

10, 15, 22. Plaintiff also claims that Defendant failed in his duties as a supervisor. Id. at ¶ 36. McCarthy argues, like the other police Defendants, that any claims for destruction of property against him are barred by the doctrine of collateral estoppel. The Court finds, for the reasons stated above, that Plaintiff's claims against Defendant McCarthy must be dismissed on these grounds. The Court will grant his motion.

### F. Motion of Christopher Fumerola, Frank Mastan

Defendants Christopher Fumerola and Frank Mastan also move to dismiss Plaintiff's Second Amended Complaint. See dkt. # 398. These Defendants were not named in any of the Complaints filed by the Plaintiff, but were identified to the Plaintiff after a discovery request for the names of unknown officers who participated in the events in question and added as Defendants. See Affidavit of James Resila, dkt. # 398-1 at ¶¶ 8-10. These Defendants, who were members of the Rennselaer County early response team at the time in question, rely on the same arguments of collateral estoppel, failure to state a claim, and qualified immunity that the other Rensselaer County Defendants raised in previous motions granted by the Court. These Defendants were not served with the other Rensselaer County Defendants. They do not challenge the timing of the service. Instead, they offer arguments that the Court has already considered and accepted with reference to their colleagues in County law enforcement. Plaintiff here too acknowledges that collateral estoppel as applied by the Court here bars these claims. The Court will therefore grant the motion as unopposed.

## IV. CONCLUSION

For the reasons stated above, the following motions to dismiss are hereby GRANTED:

1. The motion of Defendants James Deas, Dale Gero, Steve Jones, Michelle Mason, Robert Patterson, William Scott, and John Stec (dkt. # 354);

2. The motion of Defendant Anthony D'Agostino (dkt. # 368);

3. The motion of Defendants Justin Loomis and Wayne Peters (dkt.# 372);

4. The motion of Defendant Travas McCarthy (dkt. # 396); and

5. The motion of Defendants Christopher Fumerola and Frank Mastan (dkt. # 398).

Defendant Subsurface Informational Surveys, Inc.'s motion to dismiss, dkt. # 377, is hereby DENIED. Defendant Subsurface shall answer or otherwise respond to Plaintiff's Second Amended Complaint within 21 days of the date of this Order.

**IT IS SO ORDERED.**

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

Dated: August 8, 2019