UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JOSHUA G. STEGEMANN,**

                        **Plaintiff,**

    vs.                                                                   1:15-CV-21

**RENSSELAER COUNTY SHERIFF'S
OFFICE, et al.,**

                        **Defendants.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## ORDER

Defendant entitles the document presently before the Court as his "Third Amended Complaint." See dkt. # 455. He filed this document after the Second Circuit Court of Appeals issued an opinion affirming the Court's dismissal of all claims in this case following extensive motion practice. See Mandate, dkt. # 456.

The Court dismissed all of Plaintiff's claims and closed the case and the Court of Appeals affirmed that outcome. Plaintiff contends, however, that he is permitted to file an Amended Complaint in this Court because this court concluded that "'Plaintiff's claims which are subject to that Heck bar may be re-plead, BUT ONLY AT SUCH TIME AS PLAINTIFF CAN DEMONSTRATE THAT HE CAN OVERCOME THAT BAR DUE TO A FAVORABLE DETERMINATION FROM SOME OTHER COURT.'" He asserts that the proposed Amended Complaint seeks damages that overcome that bar, and that the Court

of Appeals's recent decision affirming the Court's judgment in this matter permits him to file another complaint. Third Amended Complaint, dkt. #455, at ¶ 2.

The instant "Third Amended Complaint" alleges that Defendants, officers in various Sheriff's Departments and cellular telephone providers,

> 4. . . . unlawfully monitored, recorded, and disclosed private communications of Joshua G. Stegemann between March 6 through May 6, 2020 and continued to disclose those communications contrary to 18 U.S.C. §§ 2517, 2518(8)(a) to present.  Disclosure by law enforcement and others is a compensable violation under 18 U.S.C. §§ 2250.  Statutory damages lie from such violations of 18 U.S.C. § 2510 et seq. in the amount of $10,000.00 per defendant and an additional $110,000 for continuing violation.[1]
> 5. These defendants intercepted more than 1,800 text messages in violation of any authority and in absence of good faith reliance on any court order because the orders did not authorize interception of text messages.  This is a violation of 18 U.S.C. § 2510 et seq. from which Statutory damages lie.

Id. at ¶¶ 4-5.  That Complaint also refers to an earlier Amended Complaint that Plaintiff filed, contending that "[b]ecause the Appeals Court's judgment does not dismiss the Statutory Damages sought in the operative pleading (See Dtk. No. 38, at ¶ 58), but does dismiss all other claims contained therein, this amended complaint serves to better facilitate timely resolution of the remaining claims." Id. at ¶ 3.

The Plaintiff is mistaken that the Court of Appeals did not dismiss the damages he alleged in his earlier Complaint.  The Court of Appeals addressed Plaintiff's illegal wiretap claims on appeal.  See dkt. # 456 at 6-8.  The Court notes that "[t]he Supreme Court's

---

[1] The dates alleged in the Third Amended Complaint do not appear to be accurate if the events alleged are related to the matters underlying this action.  The events that gave rise to this lawsuit occurred largely in 2013.  Plaintiff was in prison in 2020.  The Court will treat those dates as if they were stated in error.  If the Plaintiff does intend to file claims regarding events that occurred in 2020, the Court would dismiss the Third Amended Complaint because the events alleged in the Complaint bear no relation to the events that gave rise to the initial lawsuit.  Plaintiff would need to file a separate action to address events that occurred in 2020.

decision in *Heck v. Humphrey* 'precludes the use of § 1983 suits for damages that necessarily have the effect of challenging existing state or federal criminal convictions.'" Id. (quoting Proventud v. City of New York, 750 F.3d 121, 124 (2d Cir. 2014)).  A complaint that would "'necessarily imply the invalidity'" of a "'conviction of sentence'" should be dismissed under this standard.  Id. (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). The Court agreed that the Second Circuit's decision on appeal did not address the merits of his claims that the wiretaps used to convict him were illegal, but instead found that the evidence against him was sufficient to support his conviction even if the wiretap evidence were excluded.  Id. at 7-8.  As such, Plaintiff's "pursuit of claims in this civil action based on an alleged illegal wiretap, even if successful, would not invalidate his criminal conviction." Id. at 8.

> At the same time, however, the Court concluded that Plaintiff's:
>
> illegal wiretap claims are still barred on a separate ground under *Heck*.  More specifically, as the Supreme Court explained in *Heck*, when seeking compensatory damages for an allegedly unreasonable search while the underlying conviction still stands, a plaintiff may recover for an injury other than the harm caused by the conviction and the imprisonment resulting therefrom.  512 U.S. at 487 n.7 . . . Here, Stegemann has not alleged any injury other than his conviction and subsequent imprisonment, which he asserts resulted from the illegal wiretap.  Therefore, even though his claims regarding the wiretap may not call his conviction into question, Stegemann cannot recover any damages for these injuries unless and until his conviction, which we affirmed on direct appeal, is overturned.  **Accordingly, there is no basis to disturb the dismissal of his illegal wiretap claims.**

Id. (emphasis added).

As Plaintiff's own pleading noted, this Court informed Plaintiff that he could only re-plead his claims if *a court* concluded that the Heck bar no longer applied.  The language in the Circuit's opinion makes clear that the Court of Appeals found that the Heck bar did not

3

permit him to bring his illegal wiretap claims. The Court of Appeals affirmed this Court's conclusion that the Heck bar applied to this case, and did not find that the Heck bar no longer applied. Moreover, the Court of Appeals did not remand the matter to this Court for consideration of whether Plaintiff could actually seek some other form of damages, but instead concluded that the Court correctly dismissed the wiretap claims on the basis of Heck. Under those circumstances, the Court cannot consider the proposed Third Amended Complaint and will *sua sponte* dismiss that pleading.

In any event, the mandate rule would appear to preclude the Plaintiff from filing an Amended Complaint in this case. "The 'mandate rule' has existed since the 'earliest days' of the judiciary." Satek Corp. v. Dev. Specialists, Inc. (In re Courdert Bros., LLP), 809 F.3d 94, 98 (2d Cir. 2015) (quoting Briggs v. Pa. R.R. Co., 334 U.S. 304, 306 (1948)). The rule requires that the lower court "'follow the mandate issued by an appellate court.'" Id. (quoting Coudert I. Puricelli v. Republic of Argentina, 797 F.3d 213, 218 (2d Cir. 2015)). "The mandate rule '. . . forecloses relitigation of issues expressly or *impliedly* decided by the appellate court.'" United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (emphasis added in original)). In addition, "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." Id. When a court applies the mandate rule and decides "whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader 'spirit of the mandate.'" Id. (quoting United States v. Kikumura, 947 F.2d 72, 76 (3d Cir. 1991)).

There was no remand order in this case. Plaintiff argues, however, that the Court of Appeal's mandate permitted him to re-plead his wiretap claims. No such language exists in the mandate, though the Circuit surely could have remanded with directions to consider whether Plaintiff could plead a damages claim that would avoid the Heck bar. In any case, the Circuit Court appears to have addressed that issue by implication. Plaintiff's Third Amended Complaint points the Court to paragraph 58 of his Second Amended Complaint, a paragraph that extends over several pages and contains various allegations regarding illegal wiretaps and the injuries he suffered from them. See dkt. # 38. This pleading was part of the case when Plaintiff appealed. Included in that paragraph is a claim that "[w]ith specific regard to the unlawful interception of communications over the above-listed cellular telephones" Plaintiff "is entitled to statutory and punitive damages pursuant to 18 U.S.C. 2701 et seq. (§ 2712) and 18 U.S.C. 2510 et seq. (§ 2520)[.]" Id. at ¶ 58. Plaintiff's Third Amended Complaint seeks statutory damages pursuant to 18 U.S.C. ¶ 2520. The Court of Appeals therefore found barred by the Heck rule claims that Plaintiff now attempts to re-plead. The mandate rule prevents this Court from considering such claims.

For those reasons, the Court will DISMISS Plaintiff's Third Amended Complaint, dkt. # 455.

The Court notes that the Mandate of the Court of Appeals concluded that three Defendants in this case, Berkshire County Drug Task Force, Kevin Roy and Mark Gorman, were never served with the Complaint. Plaintiff was aware of these circumstances when he took his appeal and chose not to pursue any claims against those Defendants. He was also aware of the circumstances when he filed his Third Amended Complaint. That Third

5

Amended Complaint did not name any of those Defendants, even though the Circuit Court concluded that claims against them had not been dismissed.  The Court therefore considers Plaintiff's claims against those Defendants abandoned, both because of his action in appealing this case and his action of filing an amended complaint that did not include those Defendants.  See, e.g., International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d. Cir. 1977) ("an amended complaint ordinarily supersedes the original and renders it of no legal effect.").  In any case, the claims raised against those Defendants are identical to the claims against the other law-enforcement Defendants whose cases this Court dismissed, dismissals the Court of Appeals affirmed.  Even if Plaintiff had not abandoned his claims against those Defendants, serving them would be futile.  The Court therefore directs the Clerk of Court to DISMISS the Berkshire County Drug Task Force, Kevin Roy and Mark Gorman from the case, ENTER JUDGMENT in favor of all Defendants, and CLOSE this matter.

 The Plaintiff is reminded that this case has been fully litigated and appealed, and the Court's judgments have been affirmed.  The Court of Appeals has not directed this Court to reconsider any issues already decided.  Future litigation in this matter in this Court, barring some direction from the Court of Appeals, is inappropriate.  Attempts to file additional Amended Complaints or other pleadings in this action could be considered contumacious by this Court, and could be met with sanctions.  Such sanctions could include fines and a recommendation that the Chief Judge of this court bar the Plaintiff from filing any actions in the Northern District of New York without first seeking leave from the Chief Judge.

**IT IS SO ORDERED**.

**Dated:** January 20, 2022

Thomas J. McAvoy
Senior, U.S. District Judge